# EXHIBIT G

Case 5:23-cv-00946-PCP Document 84 Filed 03/20/23 Page 2 of 9
Case 5:23-cv-00946-PCP Document — Santa Clara – Civil Filed 03/02/23 Page 2 of 9
19CV358821

| | | |
|---|---|---|
| 1 | CURTIS A. GRAHAM, Bar No. 215745<br>cagraham@littler.com | **Electronically Filed**<br>**by Superior Court of CA,** |
| 2 | LITTLER MENDELSON, P.C.<br>633 W. 5th Street, 63rd Floor | **County of Santa Clara,**<br>**on 3/2/2023 3:59 PM** |
| 3 | Los Angeles, CA 90071<br>Telephone: (213) 443-4300 | **Reviewed By: R. Walker**<br>**Case #19CV358821** |
| 4 | Fax No.: (213) 443-4299 | **Envelope: 11332093** |
| 5 | CHAD KALDOR, *admitted Pro Hac Vice*<br>ckaldor@littler.com | |
| 6 | LITTLER MENDELSON, P.C.<br>21 East State Street, 16th Floor | |
| 7 | Columbus, Ohio 43215<br>Telephone: (614) 463-4201 | |
| 8 | Fax No.: (614) 221-3301 | |
| 9 | JAMIE Y. LEE, Bar No. 228983<br>jylee@littler.com | |
| 10 | LITTLER MENDELSON, P.C.<br>18565 Jamboree Road, Suite 800 | |
| 11 | Irvine, CA 92612<br>Telephone: (949) 705-3000 | |
| 12 | Fax No.: (949) 724-1201 | |
| 13 | Attorneys for Defendant<br>SCHENKER, INC. | |

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ERIC M. WICKHAM, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHENKER, INC., a New York company; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 19CV358821<br><br>ASSIGNED FOR ALL PURPOSES TO HON. THEODORE C. ZAVNER, DEPT. 19<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: November 20, 2019<br>FAC Filed: August 18, 2021<br>SAC Filed: March 2, 2023 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

ANSWER TO SECOND AMENDED COMPLAINT

Defendant Schenker, Inc., through undersigned counsel, answers the unverified Second Amended Complaint ("Complaint") of Plaintiff ERIC M. WICKHAM ("Plaintiff").

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant hereby answers Plaintiff's unverified Complaint by generally denying each and every allegation contained therein, by denying that Schenker has engaged in any conduct that was in violation of the Fair Credit Reporting Act ("FCRA") or that has caused Plaintiff damages and by asserting the following separate and distinct additional defenses. Defendant further denies that this case is appropriate for class treatment.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses. Defendant also expressly denies the existence of any alleged putative class of "similarly situated" individuals that Plaintiff purports to represent in this lawsuit pursuant to California Code of Civil Procedure § 382 or Federal Rule of Civil Procedure 23. Defendant thus expressly denies the existence of any such group each and every time it references "Plaintiff" as if fully set forth therein. All defenses asserted are also asserted against the putative class.

**FIRST AFFIRMATIVE DEFENSE**

1. As a First Affirmative Defense, Defendant alleges Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. As a Second Affirmative Defense, Defendant alleges that the Court lacks personal jurisdiction over Defendant to resolve the claims brought by a nationwide class.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

ANSWER TO SECOND AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

3. As a Third Affirmative Defense, Defendant alleges that the Court lacks jurisdiction over the claims of certain persons, including putative class members, to the extent they are subject to arbitration.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a Fourth Affirmative Defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with the applicable law, including but not limited to the FCRA.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a Fifth Affirmative Defense, Defendant alleges that Plaintiff's claims for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant' property which is unjustified by any rational governmental interest; (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process; and/or (d) the applicable statutes, including but not limited to section 616 of the FCRA (15 U.S.C. § 1681n), are unconstitutionally vague and unjustifiably arbitrary.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a Sixth Affirmative Defense, Defendant alleges that Plaintiff's substantive claims and his claims for damages, which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a Seventh Affirmative Defense, Defendant alleges that Plaintiff's individual and class-wide claims are excluded from coverage by section 604 of the FCRA (15 U.S.C. § 1681b) to the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

extent Defendant obtained any background reports in connection with an investigation of compliance with federal, state or local laws and regulations, the rules of self-regulatory organization or any pre-existing policies (15 U.S.C. § 1681a(y)).

### EIGHTH AFFIRMATIVE DEFENSE

8. As an Eight Affirmative Defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because notwithstanding Defendant's alleged non-compliance, Plaintiff otherwise was aware of his purported statutory rights.

### NINTH AFFIRMATIVE DEFENSE

9. As a Ninth Affirmative Defense, Defendant alleges that it has complied with the FCRA in the handling of Plaintiff's background report and is, therefore, entitled to each and every defense stated in and available under the FCRA, and to all limitations of liability.

### TENTH AFFIRMATIVE DEFENSE

10. As a Tenth Affirmative Defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole or in part because Plaintiff failed to comply fully or at all with procedures available and/or required under the FCRA to address Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As an Eleventh Affirmative Defense, Defendant alleges that Defendant maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a Twelfth Affirmative Defense, Defendant alleges that Plaintiff is not entitled to recover the equitable relief he seeks because: (a) an adequate remedy at law exists; (b) Plaintiff lacks standing to seek equitable relief; (c) equitable relief is only available to the Federal Trade Commission and Consumer Financial Protection Bureau, not to private plaintiffs and the Court lacks subject matter jurisdiction to issue an injunction; and (d) Plaintiff's claim for equitable relief is moot in any event.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

ANSWER TO SECOND AMENDED COMPLAINT

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a Thirteenth Affirmative Defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole or in part because Plaintiff seeks to recover for alleged harm that is outside of the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1681p of the FCRA.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a Fourteenth Affirmative Defense, Defendant alleges that Plaintiff's Complaint, and each and every claim for relief therein, is barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, unclean hands, and avoidable consequences.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a Fifteenth Affirmative Defense, Defendant alleges that all of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet his burden of demonstrating that each requirement of class certification, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under the law. To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As a Sixteenth Affirmative Defense, Defendant alleges that adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a Seventeenth Affirmative Defense, Defendant alleges that assuming that Plaintiff suffered or sustained any loss, damage or injury, which Defendant specifically denies, such alleged loss, damage or injury that Plaintiff suffered was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.

ANSWER TO SECOND AMENDED COMPLAINT

wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiff complains.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. As an Eighteenth Affirmative Defense, Defendant alleges that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of third parties other than Defendant, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against Defendant, must be reduced by the proportion of fault attributable to such third parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from such third parties on a comparative fault basis.

### NINETEENTH AFFIRMATIVE DEFENSE

19. As a Nineteenth Affirmative Defense, Defendant alleges that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

20. As a Twentieth Affirmative Defense, Defendant alleges that Plaintiff's claims for injunctive relief fail because, as a former employee, Plaintiff lacks standing to pursue injunctive relief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a Twenty-First Affirmative Defense, Defendant alleges that Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and if it is determined that they have the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a Twenty-Second Affirmative Defense, Defendant alleges that Plaintiff's claims, and those of certain putative class members, are barred, in whole or in part, on the grounds of res judicata and/or collateral estoppel.

///

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6.

ANSWER TO SECOND AMENDED COMPLAINT

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. As a Twenty-Third Affirmative Defense, Defendant alleges that to the extent Plaintiff and/or those persons he seeks to represent entered into one or more settlements with Defendant or otherwise released Defendant from any liability as alleged in the Complaint, their claims are barred in whole or in part by the doctrine of settlement, accord and satisfaction.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. As a Twenty-Fourth Affirmative Defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, is barred to the extent the damages Plaintiff alleges in the Complaint are too speculative to be recoverable at law.

WHEREFORE, Defendant prays for judgment in their favor and against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff takes nothing by way of the Complaint;
3. That Defendant recover their attorney's fees, costs, and disbursements in this action, in accordance with applicable law; and
4. For such other and further relief as the Court deems just and proper.

Dated: March 2, 2023

CURTIS A. GRAHAM
CHAD KALDOR
JAMIE Y. LEE

LITTLER MENDELSON, P.C.
Attorneys for Defendant
SCHENKER, INC.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

ANSWER TO SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

At the time of service, I was over the age of eighteen years, and not a party to the within action. I am employed in the County of Los Angeles, State of California. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071.

On **March 2, 2023**, I served true copies(y) of the following document(s) described as **ANSWER TO SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Shaun Setareh<br>William M. Pao<br>Nolan Dilts<br>SETAREH LAW GROUP<br>9665 Wilshire Boulevard, Suite 430<br>Beverly Hills, California 90212<br>Telephone (310) 888-7771<br>Facsimile (310) 888-0109<br>shaun@setarehlaw.com<br>william@setarehlaw.com<br>nolan@setarehlaw.com<br>calendar@setarehlaw.com | *Attorney for Plaintiff* **ERIC M. WICKHAM** |

x **(BY ELECTRONIC SERVICE)**. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **March 2, 2023** at Los Angeles, California.

Sarah Fleming