UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WICKHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHENKER, INC.,<br><br>        Defendant. | Case No. 23-cv-00946-PCP<br><br>**ORDER DENYING MOTION TO TRANSFER** |

In this nationwide class action, plaintiff Eric M. Wickham alleges that the defendant Schenker, Inc. violated the Fair Credit Reporting Act and California law by failing to provide proper disclosures and obtain proper authorization prior to conducting credit and background checks on prospective employees. Before the Court is Schenker's motion to transfer this matter to the Eastern District of Virginia under 28 U.S.C. § 1404(a). For the following reasons, the Court concludes that Schenker has failed to demonstrate that the convenience of parties and witnesses and the interest of justice favor transfer. The Court therefore denies Schenker's motion.

**BACKGROUND**

Mr. Wickham is a resident of San Bernadino County, California. He seeks to represent a class of current, former, and prospective Schenker employees who applied for employment for which a background check was performed. Schenker is a corporation organized under the laws of New York with its principal place of business in Chesapeake, Virginia.

Mr. Wickham was employed by Schenker to work in its Ontario, California facility in February 2019. Before Mr. Wickham started his employment, Schenker performed a background investigation on him. Mr. Wickham alleges that he would not have authorized Schenker to conduct the background investigation had he not been confused by extraneous and superfluous

language included in Schenker's disclosure forms.

The present motion is the second motion to transfer venue filed in this case. In November 2019, a different plaintiff (Michelle Orpilla) commenced this action in state court. Schenker removed the action to this Court, after which Ms. Orpilla filed a motion to remand and Schenker filed a motion to transfer venue to the Eastern District of Virginia. In May 2020, this Court granted the plaintiff's motion and remanded the case because Ms. Orpilla lacked Article III standing. *See Orpilla v. Schenker, Inc.*, No. 19-CV-08392-BLF, 2020 WL 2395002, at *5 (N.D. Cal. May 12, 2020). In August 2021, Mr. Wickham replaced Ms. Orpilla as the representative plaintiff and filed a first amended complaint. The parties then engaged in discovery and motion practice before the state court. In early 2023, Mr. Wickham filed a second amended complaint after which Schenker again removed the case to federal court. In July 2023, Schenker filed the present motion to transfer venue to the Eastern District of Virginia.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." An action "might have been brought" in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020). The party seeking to transfer a case bears the burden of demonstrating that the convenience and interest of justice factors "clearly favor transfer." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 781 (N.D. Cal. 2014). A "motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Ninth Circuit has identified several factors to guide that inquiry: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

1    compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of
2    access to sources of proof." *Id.* at 498–99. District courts retain "broad discretion to adjudicate
3    motions for transfer on a case-by-case basis" and as such no individual factor is dispositive. *Ctr.*
4    *for Biological Diversity & Kempthorne*, No. C08-1339CW, 2008 WL 4543043, at *2 (N.D. Cal.
5    Oct. 10, 2008). Transfer is not appropriate if it "merely shift[s] rather than eliminate[s] the
6    inconvenience." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.
7    1986).

**ANALYSIS**

**I.     The Court Takes Judicial Notice of Three Exhibits.**

In support of his opposition to Schenker's motion, Mr. Wickham asks this court to take judicial notice of three exhibits: (1) Southwest Airlines Co.'s Notice of Motion and Memorandum of Points and Authorities in Support of Its Motion to Transfer Venue, *Lewis v. Southwest Airlines Co.*, No. 16-cv-00749-JCS (N.D. Cal. March 18, 2016); (2) Defendant's Motion for Judgment on the Pleadings and Supporting Brief, *Lewis v. Southwest Airlines Co.*, No. 3:16-cv-01538-M (N.D. Tex. July 13, 2016); and (3) Declaration of CJ Beutler in Support of Defendant's Motion for Judgment on the Pleadings, *Lewis v. Southwest Airlines Co.*, No. 3:16-cv-01538-M (N.D. Tex. July 13, 2016).

Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact "not subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court cannot, however, take judicial notice of a fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Here, neither party disputes the authenticity of these documents. For that reason, the Court will take judicial notice of these exhibits. But to the extent the exhibits are irrelevant to the issues currently before the Court, they will not be considered in ruling upon Schenker's motion.

**II.     Waiver Under Rule 12(h) Does Not Apply to Schenker's Motion To Transfer Venue.**

As a threshold matter, the parties dispute whether Schenker has waived its right to transfer venue. Relying on *Sandy v. McClure*, Mr. Wickham argues that Schenker has waived its right to transfer venue. No. 08-3052 SC, 2008 WL 4830727 (N.D. Cal. Nov. 6, 2008). In that case the Court found that convenience weighed in favor of transfer but held that the defendants, "by filing their Answer before filing the instant Motion, waived the defense of improper venue" under Rule 12(b)(3). Schenker argues that Mr. Wickham's waiver argument based on *Sandy* is misplaced and cites to other district court cases that criticize *Sandy* for failing to distinguish between a motion to transfer venue under 28 U.S.C. § 1404(a) and a motion for improper venue under Rule 12(b)(3). *See Turnage v. Old Dominion Freight Line, Inc.*, No. C 13-1409 PJH, 2013 WL 2950836, at *5 (N.D. Cal. June 14, 2013); *Sam Kholi Enters., Inc. v. Comsys Servs. LLC*, No. 11-CV-970 W (NLS), 2011 WL 13257533, at *3 n.5 (S.D. Cal. Oct. 3, 2011).

Schenker is correct. A party waives a defense to improper venue under Rule 12(h)(1)(B) by failing to include it in responsive pleadings. Before the Court, however, is a motion to transfer venue under 28 U.S.C. § 1404(a), not a motion to dismiss for improper venue under Rule 12(b)(3). Schenker is not asserting a defense but rather arguing that convenience and justice weigh in favor of transfer. Schenker's argument is not dependent on a finding that the Northern District of California is improper and Schenker does not make that argument here. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) (holding that § 1404(a) "does not condition transfer on the initial forum's being 'wrong'"). Accordingly, Schenker has not waived its argument for transfer pursuant 28 U.S.C. § 1404(a).

**III.    Convenience and the Interest of Justice Do Not Favor Transfer to the Eastern District of Virginia.**

Schenker is correct that this action could have been brought in the Eastern District of Virginia under 28 U.S.C. § 1404(a). The Court nonetheless declines to transfer this case to that District because the majority of convenience factors and the interest of justice do not favor transfer.

**A.     The Action Could Have Been Brought in the Eastern District of Virginia.**

As an initial matter, transfer is available only if this action could have been brought in the District to which Schenker seeks transfer. An action "might have been brought" in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant and where venue would have been proper. *See Epic Games*, 435 F. Supp. 3d at 1040. Applying this test, it is clear that this action could have been brought in the Eastern District of Virginia.

First, the Eastern District of Virginia would have subject matter jurisdiction over this matter for the same reasons this Court has jurisdiction.

Second, the Eastern District of Virginia can exercise general jurisdiction over Schenker. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). It is undisputed that Schenker's principal place of business is in Chesapeake, Virginia, which is located in the Eastern District of Virginia. Dkt. No. 28, at 7; Dkt. No. 1-7, at 9.

Third, venue is proper in the Eastern District of Virginia. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2). For purposes of venue in a State with more than one judicial district, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Venue would have been proper in the Eastern District of Virginia both because Schenker resides in the Eastern District of Virginia (which covers Chesapeake, Virginia) and because a "substantial part of events or omissions giving rise to the claim" occurred there.

As such, this action might have been brought in the Eastern District of Virginia.

**B.     Mr. Wickham's Choice of Forum and the Northern District's Connection to the Action Weigh Against Transfer.**

The parties dispute whether Mr. Wickham's choice of the Northern District of California weighs against transfer. Normally, a plaintiff's choice of forum is entitled to "substantial weight."

*See Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 588 (N.D. Cal. 2020) (quoting *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)). "The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted)). Additionally, the Ninth Circuit has held that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Although a plaintiff's chosen forum "is entitled to only minimal consideration" where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," courts in this district have still given weight to the plaintiff's choice of forum in class actions where the parties have sufficient connection to the district. *See, e.g.*, *Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *3 (N.D. Cal. June 29, 2010) ("[E]ven though this is a class action, Plaintiff and Defendants have sufficient connections to this District to warrant giving Plaintiff's choice of forum significant weight."); *Wade v. Indus. Funding Corp.*, No. C-92-0343-RFP, 1992 WL 207926, at *3 (N.D. Cal. May 28, 1992) (declining to disregard the plaintiffs' choice of forum in a securities class action where there were significant contacts with that forum).

Schenker argues that Mr. Wickham's choice of forum should not be given any deference because this is a nationwide class action that has no connection to the Northern District of California. Mr. Wickham argues that both he and Schenker have significant connections with the State of California and the Northern District. Mr. Wickham emphasizes that he is a resident of Ontario, California and was a California employee of the defendant. He asserts that he was therefore entitled to sue in any county in the state under Cal. Civ. Proc. Code § 395(a). Further, he argues that the California FCRA class members have contacts with California and it is likely that California is "the state where the second-most number of pre-employment background check screening[s] are conducted." Dkt. No. 34, at 8.

The Court agrees with Mr. Wickham that his choice of forum should be given some weight despite this being a nationwide class action in a district where the representative plaintiff does not

6

reside. Because Schenker employs 86 employees and maintains two locations in the Northern District of California, the District has an interest in this action. *See* Dkt. No. 34, at 6, 9 n.4. Mr. Wickham's choice of forum thus weighs modestly against transferring this case to the Eastern District of Virginia.

### C. Schenker Has Failed To Establish that the Convenience of the Parties and Witnesses Favor Transfer.

The parties dispute whether the convenience of the parties and witnesses favors transfer of this case to the Eastern District of Virginia. Schenker argues that Virginia is more convenient because Schenker is headquartered there and Virginia is the "situs of material events pertaining to Schenker's processes for screening candidates and background checks;" because "the vast majority of personnel with responsibility over Schenker's pre-employment background program work in Virginia;" and because Virginia is more convenient for the majority of witnesses and sources of proof—including Schenker's background check policy, relevant disclosure forms, and contracts with background check vendors—are more accessible from Virginia. Dkt. No. 28, at 8–10, 12. Schenker claims that "*every* Schenker ER employee with current access to the databases containing the relevant information necessary for analysis of Plaintiff's FCRA claims and Schenker's defenses thereto, lives on the east coast or closer to Virginia, with none in California." *Id.* at 10. Further, Schenker argues that Virginia is more convenient for more potential class members, 65.85% of whom live in the "eastern region," as compared to only 14.98% in the western region. *Id.* at 11.

By contrast, Mr. Wickham argues that California is the situs of events because his background check disclosure forms were executed in California. Further, Mr. Wickham challenges the notion that Virginia is more convenient for the majority of class members on the grounds that Schenker's statistic that 65.85% of Schenker's employee's work in the eastern region "does not provide the actual number of background checks conducted in each state." In addition, Mr. Wickham argues that any inconvenience to Virginia-based witnesses can be mitigated by conducting depositions in Virginia or remotely. Similarly, he argues that the source of physical evidence is not a substantial factor where it can be copied or shared electronically.

Mr. Wickham's arguments are more convincing. Virginia may be more convenient for Schenker, some potential witnesses, and access to physical evidence. At the same time, however, Virginia would be a significantly *more* inconvenient forum for Mr. Wickham, who would have to fly across the country to attend any court proceedings rather than taking a short in-state flight, train, or car ride. Further, Mr. Wickham has offered to depose witnesses in Virginia or remotely for the convenience of those witnesses. In addition, the relevant documents can presumably be copied or shared electronically, rendering the physical location of the sources of proof less important. The primary inconvenience to Schenker is travel time and expense, but Schenker has already retained local counsel in California and Ohio and transferring the case at this juncture would merely shift that burden to the plaintiffs. *See Decker*, 805 F.2d at 843 (declining to transfer where "transfer would merely shift rather than eliminate the inconvenience"). In short, Schenker has failed to establish that the inconveniences it might face in litigating this case in the Northern District of California are particularly consequential, or that they outweigh the significant inconveniences Mr. Wickham would face litigating in the Eastern District of Virginia.

The remaining factors likewise fail to strongly favor transfer. This Court is just as familiar with the relevant federal law as courts in the Eastern District of Virginia, and is arguably more familiar with the California state law issues presented. This District's interest in protecting citizens from violations of the Fair Credit Reporting Act is identical to that of the Eastern District of Virginia. And neither party argues that the availability of process for unwilling witnesses is a relevant factor here.

In sum, the main factor weighing in favor of transfer is that the Eastern District of Virginia would be somewhat more convenient for Schenker and some of its potential witnesses. The Court finds, however, that the possible inconvenience that Schenker and its potential witnesses may suffer by continuing to litigate this case in California is not sufficiently strong to overcome the weight given to Mr. Wickham's choice of forum, the inconvenience to him of the proposed alternate forum, and the interests of justice that weigh against transferring this case to the Eastern District of Virginia four years after this suit commenced and after substantial discovery and motions practice has already occurred in California courts.

**CONCLUSION**

For the foregoing reasons, Schenker's motion to transfer venue is denied.

**IT IS SO ORDERED.**

Dated: January 10, 2024

_____
P. Casey Pitts
United States District Judge