UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WICKHAM,<br>           Plaintiff,<br>v.<br>SCHENKER, INC.,<br>           Defendant. | Case No. 23-cv-00946-PCP<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br>Re: Dkt. No. 87 |

Plaintiff Eric Wickham moves for preliminary approval of a class settlement in this Fair Credit Reporting Act ("FCRA") lawsuit against Schenker, Inc. For the reasons that follow, the motion is denied without prejudice.

**BACKGROUND**

The operative complaint asserts a single claim against defendant Schenker under 15 U.S.C. § 1681b(b)(2)(A) of the FCRA. That statute provides that, in order to obtain an applicant's consumer report, a prospective employer must provide the applicant with a "clear and conspicuous disclosure ... in a document that consists solely of the disclosure, [indicating] that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(a)(ii). This "standalone disclosure requirement" prohibits employers from including any information on the disclosure document except the disclosure itself. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1087–88 (9th Cir. 2020). *See also Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019) (holding that a disclosure containing state law-related information violated the FCRA standalone disclosure rule because the disclosure cannot "contain[ ] extraneous and irrelevant information beyond what FCRA itself requires"). The operative complaint alleges that defendant Schenker failed to provide a clear and conspicuous disclosure in a document consisting solely of the disclosure before procuring consumer reports for employment purposes.

According to the complaint, Schenker's disclosure was accompanied by extraneous information such as "applicable state counterparts" and a hyperlink to at least one website not related to the FCRA.

The Settlement Class consists of approximately 29,628 individuals who applied for positions with defendant between November 20, 2014, and February 28, 2022, and about whom defendant procured a consumer report. The agreed-upon gross settlement amount is $1,275,000. The estimated net payout per class member is $25.16.

## LEGAL STANDARDS

While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019), district courts must carefully "scrutinize pre-class certification settlements," as there is a risk of collusion between the defendant and class counsel to settle "without devoting substantial resources to the case." *Briseño v. Henderson*, 998 F.3d 1014, 1023–24 (9th Cir. 2021). "Approval of a settlement is a two-step process. Courts first 'determine whether a proposed class action settlement deserves preliminary approval [including conditional class certification] and then, after notice is given to class members, whether final approval is warranted.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).

Rule 23 requires district courts to ensure that any class settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). In making this determination, a court must consider whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id.*

## ANALYSIS

The proposed settlement contains a *cy pres* provision for the funds not collected by class members. Accordingly, the Court must also evaluate whether the parties' proposed *cy pres* recipient is appropriate. "*Cy pres* refers to a method for distributing unclaimed settlement funds 'to the 'next best' class of beneficiaries.'" *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1116 n.6 (9th Cir. 2020) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)). It is required that there be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012). "A *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class." *Id.* (cleaned up).

Here, the parties have selected the Alliance for Children's Rights as the *cy pres* recipient. At the hearing before this Court, plaintiff conceded that there is no driving nexus between the Alliance for Children's Rights and the class or the objectives of the FCRA. Accordingly, the *cy pres* provision is impermissible and renders the proposed settlement not fair, adequate, and reasonable. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). Because "the district court … [does not] have the ability to delete, modify or substitute certain provisions" and "[t]he settlement must stand or fall in its entirety," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted), the Court's finding regarding the *cy pres* provision precludes the Court from approving any other aspect of the settlement. *See also Dennis*, 697 F.3d at 868; *In re Groupon, Inc., Mktg. & Sales Pracs. Litig.*, No. 11MD2238 DMS (RBB), 2012 WL 13175871, at *10 (S.D. Cal. Sept. 28, 2012). The motion for preliminary approval is therefore denied without prejudice.[1]

**IT IS SO ORDERED.**

---

[1] At the preliminary approval hearing, the Court noted several other concerns with the proposed settlement. Should the parties choose to modify their agreement and seek preliminary approval of the revised settlement, they should consider all concerns raised by the Court at the hearing.

3

Dated: April 11, 2025

_____
P. Casey Pitts
United States District Judge